[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This matter comes before this court as a hearing in damages. On November 2, 1995, a judgment of default was entered against the defendant Pritchard for failure to plead. A motion to open judgment of default was denied by Judge Moraghan on February 16, 1996. On March 29, 1996 and April 3, 1996, the matter was tried. Defendant failed to appear, however, his attorney was present for cross-examination of witnesses.
From the evidence presented, the court finds that the plaintiff and defendant were partners in a home building business called Jimario Homes, and that the defendant withdrew, without authorization, the sum of $40,000. The court also finds that he subsequently repaid $21,000 of that sum. The defendant's counsel is certainly not precluded from eliciting testimony that $21,000 was repaid. The plaintiff appears to argue that the repayment is by way of a defense and, since no such defense was pleaded, the court should not consider the evidence as to repayment. This argument is not persuasive and it would result in an unjust determination of damages.
The evidence further shows that tools were taken having a value of $1657, and expenses in the amount of $3356 were not paid. On the asset side, there is $2200 in escrow funds available for the payment of these expenses.
The defendant's cry for an accounting falls on deaf ears. The defendant failed to show up at the hearing and now wants the plaintiff to have provided the accounting in his absence. If the defendant had any evidence relative to partnership assets which could have offset his obligation to the plaintiff, he could have appeared and presented such evidence. The plaintiff is not obligated to argue the defendant's case.
The court adopts the damage request of plaintiff and awards the sum of $10,906.50 as damages to the plaintiff, which sum is CT Page 5261-PPPPP calculated as follows:
 $19,000 (Profit retained by defendant) 1,657 Tools 1,156 Expenses 21,813 — of which one-half is due the plaintiff, i.e., $10,906.50.
The court awards interest in the amount of $2300 computed at 10 percent per annum.
The court is not persuaded that treble damages should be awarded and, therefore, denies plaintiff's request for such an award.
The transfer of the condominium to James E. Ek is declared to be fraudulent and is set aside. Said property is more accurately described as follows:
 A certain piece or parcel of land with all appurtenances, known as Unit No. 9 in Building A in a planned community known as "Old Route 53 Plaza Condominium" formed pursuant to the Connecticut Common Interest Ownership Act, situated in the Town of Bethel, County of Fairfield and State of Connecticut; together with an undivided interest in the common elements thereof, as described in a Declaration entitled, "Old Route 53 Plaza Condominium" which is dated March 31, 1989, and recorded on April 3, 1989, in Volume 461, at page 188 of the Bethel Land Records and as further shown on map entitled, "CONDOMINIUM DECLARATION MAP, (Conn. Route 53) Bethel, Connecticut, Prepared for Gene Pawl, I-Zone, Scale 1" — 40', 2/10/89" which map was prepared by Kasper Associates certified to be in accordance with the standards of an A-2 Survey by James J. Kenney and is filed in the office of the Bethel Town Clerk in Map File 21 Map No. 48 and is further shown on floor plans attached as Exhibit A-4 to the aforementioned Declaration of Condominium.
 Being a portion of the premises acquired pursuant to a Judgment of Foreclosure as evidenced by a Certificate of Foreclosure dated September 30, 1993 and recorded in Volume 553, at Page 448 of the Bethel Land Records.
Mihalakos, J. CT Page 5261-QQQQQ